**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| KENNETH HUMPHREY and wife CAROLYN J. HUMPHREY, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action No.: ______________ |
| DAVOL INC., a subsidiary of C.R. BARD, INC., and C.R. BARD, INC., | ) | |
| Defendants. | ) | |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of the Seventh Judicial District Court in and for Anderson County, Tennessee, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs commenced this action with the Complaint filed in the Seventh Judicial District Court in and for Anderson County, Tennessee, on or about May 23, 2008. On June 6, 2008, Davol received a copy of the Summons and Complaint via service of same upon the Secretary of State. Bard has not been served. Neither Bard nor Davol has answered Plaintiffs' Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Seventh Judicial District Court in and for Anderson County, Tennessee, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 123.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Seventh Judicial District Court in and for Anderson County, Tennessee, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiffs' claims, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims against Defendants sound in product liability and seek recovery for serious and/or permanent injuries allegedly caused by a defective medical device: the Composix® Kugel® hernia repair patch, a mesh prosthetic manufactured and sold by

Defendants and used in Plaintiff Carolyn J. Humphrey's hernia repair. (*See* Compl. ¶¶ 1-3.) Plaintiffs allege that after implantation of the Composix® Kugel® patch by her doctors, Ms. Humphrey "sustain[ed] serious and permanent personal injuries and the need for future medical treatment." (*Id.* ¶ 3.) Plaintiffs allege that these injuries include, *inter alia*, "great pain and mental anguish, significant hospital and medical expenses and future hospital and medical expenses." (*Id.* ¶ 11.) Plaintiff Kenneth Humphrey also alleges that he has "sustained the loss of consortium of his wife . . . and incurred significant hospital and medical expenses and future hospital and medical expenses and lost wages." (*Id.*)

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiffs' Complaint make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, and thus expressly pled an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

9. Plaintiffs are residents and citizens of Tennessee. (*See* Compl. ¶ 1.)

10. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Circuit Court of the Seventh Judicial District Court in and for Anderson County, Tennessee, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: June 11, 2008

Respectfully submitted,

Andrew L. Colocotronis (BPR #17052)
R. Brad Morgan (BPR # 024620)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
900 S. Gay Street, Suite 2200
Knoxville, TN 37902
(865) 549-7000

*Attorneys for Defendants Davol Inc. and C.R. Bard, Inc.*

*of Counsel:*

Kirby T. Griffis, Esq.
Michael L. Junk, Esq.
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
(202) 989-5800
(202) 682-1639 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Notice of Removal has been served upon the following counsel for parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

J. Timothy Bobo
Curtis W. Isabell
RIDENOUR & RIDENOUR
108 South Main Street
P.O. Box 530
Clinton, Tennessee 37717-0530

Barry E. Pelizzari
Circuit Court Clerk
Anderson County Courthouse
100 N. Main Street
Room 313
Clinton, Tennessee 37716

This 11 day of June, 2008.

Attorney



K DEP 213277 v1
0-0 6/11/2008